John E. Bohyer
Paul N. Tranel
Ryan T. Heuwinkel
BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana  59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email:  mail@bebtlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

| | |
|---|---|
| PENNSYLVANIA LUMBERMENS MUTUAL INS. CO, | Cause No. _____ |
| Plaintiff, | THE HON. _____ |
| -vs.- | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| ROCKY MOUNTAIN HOLDING COMPANY, TECH WOOD INDUSTRIES, INC., PIONEER LOG COMPANY, and JPCO, LLC, | |
| Defendants. | |

---

Plaintiff Pennsylvania Lumbermens Mutual Insurance Company ("PLM"), through its undersigned attorneys, brings this action under the Declaratory Judgment

Act, 28 U.S.C. §§ 2201-02, against Defendant Rocky Mountain Holding Co. ("RMHC"), Tech Wood Industries, Inc. ("TWI"), Pioneer Log Company ("PLC") and JPCO, LLC ("JPCO"), alleging as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory relief under 28 U.S.C. § 2201 in which PLM seeks a declaratory judgment that (1) it has no duty to defend or indemnify RMHC and TWI under an insurance policy issued by PLM to RMHC and TWI (the "Policy") in connection with claims (the "Underlying Claims") made against RMHC and TWI by PLC and JPCO and (2) that it may recoup defense fees and costs paid on RMHC's and TWI's behalf.

2. A declaratory judgment is appropriate in this matter because RMHC and TWI allege they are entitled to insurance coverage from PLM with respect to the Underlying Claims and PLM disputes that it has any duty to defend or indemnify RMHC and TWI. Declaratory relief is also proper because PLM is providing RMHC and TWI a defense to the Underlying Claims under a reservation of rights at the same time PLM seeks this declaratory judgment.

3. PLC and JPCO are proper parties to this declaratory judgment action because they may be affected by a finding that PLM owes no duty to defend or indemnify RMHC and TWI with regard to the Underlying Claims.

## THE PARTIES

4. Plaintiff PLM is a corporation organized under the laws of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

5. Defendant TWI, which does business as Pioneer Log Homes, is a dissolved Montana corporation that had its principal office in Hamilton, Montana.

6. Defendant RMHC, also known in Montana as Rocky Mountain Holding of Montana, Inc., is a Montana corporation with its principal office in Hamilton, Montana.

7. Defendant PLC is a Montana corporation, with its principal office in Hamilton, Montana.

8. Defendant JPCO is a Montana limited liability company with its principal office in Hamilton, Montana.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. This Court has personal jurisdiction over TWI because it is a dissolved Montana corporation that had its principal place of business in Hamilton, Montana.

11. This Court has personal jurisdiction over RMHC, because it is a Montana corporation with its principal place of business in Hamilton, Montana.

12. Venue is proper in the this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in the District of Montana and because a substantial part of the events giving rise to this action occurred within the District of Montana.

13. Venue is proper in the Missoula Division of this Court pursuant to Local Rule of Procedure 3.2(b) because Defendants are residents of Ravalli County, Montana and Ravalli County, Montana lies within the Missoula Division of this Court.

14. Title 28 U.S.C. § 2201 authorizes this Court to grant the relief requested by PLM.

## FACTS

15. RMHC is in the log home construction business, among other things.

16. RMHC owned TWI, which did business as Pioneer Log Homes.

17. On June 4, 2015 Pioneer Log Company and JPCO filed a Complaint against TWI and RMHC in Montana's Twenty-First Judicial District Court, Ravalli Count, Cause No. DV-15-200. The claims alleged in the Complaint (the "Underlying Claims") relate to the breach of an "Asset Purchase and Sale Agreement" dated November 19, 2014 for the sale of a business and assets known as Pioneer Log Homes.

18. On September 29, 2015, PLC and JPCO amended the Underlying Claims by filing a First Amended Complaint ("FAC") against RMHC and TWI. The FAC is attached as **Exhibit A.**

19. The FAC alleges that on November 19, 2014, PLC and JPCO entered into an "Asset Purchase and Sale Agreement" (the "Agreement") to purchase the business and assets known as Pioneer Log Homes from TWI. There were two amendments to the Agreement. FAC, ¶ 7, Exs. A and B.

20. The FAC further alleges as follows:

  a. Among many other things, the Agreement required TWI to convey to PLC and JPCO 772,923 board feet of logs. FAC, ¶ 9, Exs. C and E to the Agreement.

  b. The closing of the sale took place on December 31, 2014. The price paid by PLC and JPCO was $1,665,234, of which $637,834 was allocated to purchase the 772,923 board feet of logs. FAC, ¶10.

  c. The 772,923 board feet of logs was to be delivered within a reasonable time of closing. FAC, ¶ 13.

  d. The Agreement further provided that if the value of the logs conveyed was less than the allocated value of $637,834 based on a final inventory count by a neutral third-party, the purchase price would be reduced by the difference. The Agreement also provided for $100,000 of the purchase price to be held by the closing agent and returned to PLC and JPCO if the logs delivered to them were not valued at the allocated value. FAC, ¶¶ 12, 14.

  e. As of the date of the FAC, TWI had delivered to PLC 351,465 board feet of conforming logs under the Agreement, leaving a deficit of 421,458 board feet of logs to be provided. FAC ¶ 16.

      f.     The value of the 421,458 board feet in logs that TWI has not provided to PLC and JPCO is $297,911.10.  FAC, ¶ 17.

      g.     RMHC and TWI have refused to pay the $297,911.10 to PLC and JPCO as required by paragraph 2.1 of the Agreement.  FAC, ¶ 17.

      h.     The $100,000 in hold back funds are still being held by the closing agent because TWI refuses to consent to the release of those funds to PLC and JPCO.  FAC, ¶¶ 15, 18.

      i.     RMHC attempted to deliver logs to PLC and JPCO, but PLC and JPCO rejected these logs because they were non-conforming, PLC and JPCO did not inspect or approve them, and PLC and JPCO did not have a contract with RMHC to purchase or accept delivery of rotten or substandard logs.  FAC, ¶ 20.

      j.     PLC and JPCO have notified TWI that it is in default and in breach of the Agreement for failing to deliver the log inventory, for failing to reimburse PLC and JPCO for logs not delivered, and for failing to consent to the release of the $100,000 held by the closing agent.  FAC, ¶ 19.

      k.     RMHC and TWI also continue to use, illegally and without authority, the assumed business name Pioneer Log Homes that was conveyed to PLC and JPCO under the Agreement.  FAC, ¶ 21

l.      The FAC brings ten separate causes of action against RMHC and TWI, including a claim for punitive damages, FAC, ¶¶ 23-54, all of which are based in RMHC's and TWI's alleged breach of the Agreement, specifically (a) RMHC's and TWI's failure to deliver the log inventory or pay PLC and JPCO $297,911.10, plus interest, costs, attorney fees and other damages allowed by law and (b) RMHC's and TWI's continued used of the assumed business name Pioneer Log Homes that was conveyed to PLC and JPCO under the Agreement.

21.     On October 30, 2015, RMHC and TWI tendered the FAC to PLM for defense and indemnification.

22.     On February 26, 2016, PLM advised RMHC and TWI that while the Underlying Claims were not covered by the Policy, PLM would defend RMHC and TWI against the Underlying Claims under a full reservation of rights, including seeking a declaratory judgment that it had no duty to defend or indemnify RMHC and TWI and that it is entitled to recoup defense fees and costs paid on RMHC's and TWI's behalf.

23.     PLM issued insurance policy (the "Policy") No. 25-R001-01-14 to RMHC for the policy period June 1, 2014 to June 1, 2015.  The Policy is attached as **Exhibit B**.

24. TWI is an additional Named Insured under the Policy pursuant to the Named Insured Extension Schedule.

25. The Policy contains three coverages, Property, Inland Marine, and General Liability. RMHC and TWI seek insurance coverage under the General Liability Coverage, which contains an Each Occurrence Limit of $1,000,000, a Personal & Advertising Injury Limit of $1,000,000, a General Aggregate Limit of $2,000,000, and a Products/Completed Operations Aggregate Limit of $2,000,000.

26. RMHC and TWI seek insurance coverage for the Underlying Claims under Coverage A, Bodily Injury and Property Damage Liability, and Coverage B, Personal and Advertising Injury Liability, of the General Liability Coverage of the Policy.

27. There is no insurance coverage for the Underlying Claims under Coverage A or Coverage B of the Policy.

28. There is no coverage under the Policy for punitive damages because the Policy does not expressly include coverage for punitive damages.

29. Because there is no coverage for the Underlying Claims under Coverages A or B of the Policy, PLM has no duty to defend or indemnify RMHC and TWI and is

entitled to recoup defense fees and costs it has paid on the Underlying Claims on RMHC's and TWI's behalf.

## COUNT I - DECLARATORY JUDGMENT

30.   PLM realleges and incorporates each of the preceding paragraphs as if fully set forth herein.

31.   Under Coverage A of the Policy, insurance coverage is provided only for sums the insured becomes legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence during the policy period. The Underlying Claims do not seek damages for bodily injury or property damage caused by an occurrence as defined by the plain language of the Policy as those terms are interpreted under Montana law.  Thus, under Coverage A, PLM has no duty, and has never had any duty, to defend or indemnify TWI or RMHC against the Underlying Claims.

32.   In the alternative, even if Coverage A of the Policy is triggered, coverage for the Underlying Claims is barred by one or more of the terms, conditions, or exclusions in the Policy.

33.   Under Coverage Part B of the Policy, insurance coverage is provided only for sums the insured becomes legally obligated to pay as damages because of

"personal and advertising injury." The Underlying Claims do not seek damages for "personal and advertising injury" as defined by the plain language of the Policy. Thus, under Coverage B, PLM has no duty, and has never had any duty, to defend or indemnify TWI or RMHC against the Underlying Claims.

34. In the alternative, even if Coverage B of the Policy is triggered, coverage for the Underlying Claims is barred by one or more of the terms, conditions, or exclusions in the Policy.

35. There is no insurance coverage for the punitive damages claim alleged in the FAC because the Policy does not expressly include insurance coverage for punitive damages.

36. Because PLM has no duty to defend or indemnify RMHC and TWI against the Underlying Claims, PLM is entitled to recoup defense fees and costs, including attorney's fees, expert witness fees, and other costs, it has paid on RMHC's and TWI's behalf.

WHEREFORE, PLM requests that this Court enter Judgment against Defendants as follows:

A. Declaring that PLM does not owe and has never owed a duty to defend or indemnify RMHC and TWI in relation to the Underlying Claims;

B.   Declaring that there is no coverage for the punitive damages claim alleged in the FAC;

C.   Directing RMHC and TWI to reimburse PLM for sums paid in defense of the Underlying Claims, including defense fees and costs;

D.   Declaring that PLC and JPCO may not collect any judgment or settlement on the Underlying Claims from the Policy; and

D.   Providing further relief the Court deems necessary.

DATED this 16th day of March, 2016.

       /s/ Paul N. Tranel
Paul N. Tranel
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
Attorneys for Plaintiff